# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JOYCE D. STALLINGS, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>PHYSICIAN REFERENCE )<br>LABORATORY LLC, and )<br>PROVIDENCE MEDICAL CENTER, )<br>)<br>Defendants, )<br>_____ ) | Case No. 10-2677-WEB-KGG |

## MEMORANDUM AND ORDER

Currently before the Court is Plaintiff's "Motion Not To Quash and Expunge Settlement." (Doc. 19.) Plaintiff's motion is in response to the Court's March 15, 2011, Order (Doc. 18) granting Defendant's Motion to Quash and Expunge Plaintiff's Notice of Settlement Offer (Doc. 17). Defendant had requested that the Court "quash, strike and expunge a settlement offer Plaintiff filed with the Clerk. (Doc. 16.) Defendant argued that filing a settlement offer was in violation of Fed.R.Evid. 408, which holds that such information is inadmissible. (*See id.*, at 1.) The Court granted Defendant's motion as both facially valid and uncontested because Plaintiff did not respond to the motion before time to do so expired pursuant to D. Kan. Rule 6.1(d)(1). The Court specifically directed the Clerk is to

strike Document 16, filed on February 23, 2011.  (*See* Doc. 18, text Order granting Defendant's motion.)

Plaintiff now moves the Court "not to quash, strike or expunge Plaintiff's filing of notice of service or settlement proposed [sic] filed February 23, 2011."  (Doc. 19.)  The Court surmises that Plaintiff has misunderstood the substantive reason for granting Defendant's motion to expunge.  The Court is <u>not</u> ruling as to the validity or reasonableness of Plaintiff's settlement offer.  Further, the Court is <u>not</u> ruling that Plaintiff cannot or should not submit a settlement offer to Defendant.  The Court <u>is</u>, however, ruling that a party <u>should not</u> file a settlement offer with the Court.  Any and all settlement negotiations are to be exchanged <u>between the parties</u> only and should <u>never</u> be filed with the Clerk.  Further, settlement negotiations should <u>not</u> be submitted to the Court unless Plaintiff is specifically directed in the future to provide the Court with a confidential report regarding the status of settlement negotiations.  Even if Plaintiff is directed to provide this type of report in the future, it should be submitted to the undersigned Judge <u>only</u> and is <u>not</u> to be filed with the Clerk.

At the present time, the Court will not enter any of the sanctions requested by Defendants.  The Court is mindful of Defendants' concern as well as the cost and inconvenience to Defendants in having to continue to file, and respond to,

2

motions on this issue.  Plaintiff is specifically informed, however, that should she file with the Clerk any future settlement negotiations, the Court will consider any potential sanctions requested by Defendants, including dismissal of Plaintiff's claims.

**IT IS THEREFORE ORDERED** that Plaintiff's "Motion Not to Quash and Expunge Settlement" (Doc. 19) is **DENIED**.  The Clerk is hereby directed to strike Document 19, filed by Plaintiff on April 6, 2011.

**IT IS SO ORDERED.**

Dated at Wichita, Kansas, on this 26th day of April, 2011.

                                          S/ KENNETH G. GALE
                                          KENNETH G. GALE
                                          United States Magistrate Judge