IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF KANSAS

JOYCE STALLINGS,           )
                           )
         Plaintiff,        )
                           )
    v.                     )    Case No. 10-2677-WEB
                           )
PHYSICIAN REFERENCE        )
LABORATORY, and            )
                           )
PROVIDENCE HOSPITAL,       )
                           )
         Defendants.       )

MEMORANDUM AND ORDER

This matter is before the court on defendant Physician Reference Laboratory's (PRL) Motion to Dismiss (Doc. 5) and Providence Hospital's (Providence) Motion to Dismiss (Doc. 6). For the reasons stated below, both motions are granted.

I. Facts

1. PRL hired Stallings in April of 2005 as a phlebotomist. Stallings worked at the PRL laboratory located within the Providence Medical Center in Kansas City, Kansas. (Doc. 1, p. 7; p. 10).

2. On October 26, 2006, Stallings was involved in an altercation in the Emergency Room with a doctor. Stallings alleges the doctor committed a battery when he forcibly removed her from a patient's room. Stallings filed a police report. (Doc. 1, p. 10).

3. In September, 2009, two laboratory employees engaged in an altercation in the lab. Security was called to defuse the situation. Neither employee was terminated. (Doc. 1, p. 7).

1

4. On October 31, 2009, while on duty, Stallings engaged in a verbal altercation with a nurse, after she was asked to leave a patient's room and she refused. (Doc. 1, p. 7-8; p. 10).

5. Stallings worked her scheduled shift on November 1, 2009. (Doc. 1, p. 7).

6. On November 3, 2009, Jim Schirock, PRL Laboratory Director, received an email from a nurse involved in the October 31, 2009 dispute. The email stated that the patient's daughter had asked that Stallings not be allowed in the room. The email further stated that Stallings returned to the room, and after she was asked to leave, she became upset and started yelling. (Doc. 1, p. 20-21).

7. On November 3, 2009, Jim Schirock, PRL Laboratory Director, telephoned Stallings to discuss the incident which occurred on October 31, 2009. Following the conversation, Mr. Schirock terminated Stallings. (Doc. 1, p. 7).

8. On November 11, 2009, Stallings sent a letter to PRL, in which she claims she was wrongfully terminated and discriminated against. Stallings referred to an incident where two PRL employees had an incident in the laboratory, and they were not terminated. Stallings requested she be reinstated with back pay. (Doc. 1, p. 7).

9. On November 20, 2009, Stallings filed a Charge of Discrimination with the EEOC, alleging race discrimination. Stallings named Physicians Reference Laboratory in the Charge of Discrimination. (Doc. 1, p. 16).

10. On March 21, 2010, Stallings filed a Charge with the Kansas Human Rights Commission (KHRC), alleging wrongful termination based on race discrimination. Physicians Reference Laboratory was named as the Respondent. (Doc. 1, p. 14-15).

11. On September 5, 2010, Stallings wrote a letter to the KHRC. The letter states that Stallings wanted to file for harassment, retaliation and discrimination against Providence Hospital. Stallings alleged defamation based on an email incident report from a nurse. (Doc. 1, p. 10-11).

12. In the letter, Stallings also alleged the nurse employed by Providence was retaliating against her based on the incident in the Emergency Room three years earlier. (Doc. 1, p. 10-11).

On September 16, 2010, the EEOC issued Stallings a Dismissal and Notice of Rights (right-to-sue letter) letter. (Doc. 1, p. 12-13).

Stallings filed this lawsuit on December 15, 2010, alleging discrimination based on race, retaliation, wrongful termination, and harassment. Stallings also claims defamation.

II. Motion to Dismiss

PRL requests the court dismiss Stallings' complaint pursuant to Rule 12(b)(6) and Rule 12(b)(1). PRL argues that Stallings failed to adequately plead a cause of action for race discrimination, retaliation or harassment. PRL also argues that Stallings failed to exhaust her administrative remedies on claims that were not presented to the EEOC or the KHRC, therefore, the court is without jurisdiction to hear those claims. PRL further argues that Stallings' defamation claim is outside the statute of limitations and is therefore barred. Even if the claim was not barred, PRL argues, it is not a proper defendant and qualified privilege precludes the claim.

Providence also requested dismissal of the complaint, pursuant to Rule 12(b)(6) and Rule 12(b)(6). Providence argues that a Title VII action only allows a party to sue an employer, and Providence was not Stallings' employer. Providence also argues that Stallings did not exhaust

her administrative remedies against Providence, as Providence was not named in the EEOC Charge or the KHRC Charge.

III. Standard of Review

A Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction may be made as a facial attack, or a factual attack. Holt v. United States, 46 F.3d 1000, 1002 (10th Cir. 1995). A facial attack on the complaint questions the sufficiency of the complaint. Id., citing Ohio Nat'l Life Ins. Co. v. United States, 922 F.2d 320, 325 (6th Cir. 1990). The allegations in the complaint are accepted as true in a facial attack. Id. In a factual attack, the party challenges the facts upon which subject matter jurisdiction depends. Id. In a factual attack, the court does not presume the truthfulness of the complaint's factual allegations, and the court has wide latitude to review outside evidence to determine subject matter jurisdiction. Id.

"The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." Sutton v. Utah State School for the Deaf & Blind, 173 F.3d 1226, 1236 (10th Cir. 1999) (quoting Miller v. Glanz, 948 F.2d 1562, 1565 (10th Cir. 1991)). Furthermore, "all well-pleaded factual allegations in the complaint are accepted as true and viewed in the light most favorable to the nonmoving party." Beedle v. Wilson, 422 F.3d 1059, 1063 (10th Cir. 2005). Documents attached to the complaint are considered as part of the pleadings. Tal v. Hogan, 453 F.3d 1244, 1264 n. 24 (10th cir. 2006).

In reviewing a motion to dismiss pursuant to Rule 12(b)(6), the court must look for "plausibility in the complaint." Alvarado v. KOB-TV, L.L.C., 493 F.3d 1210, 1215 (10th Cir. 2007). Under this standard, a complaint must include "enough facts to state a claim to relief that

4

is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007). The possibility that plaintiff could prove some facts in support of the pleaded claims is insufficient; the court must believe the plaintiff has a reasonable likelihood of showing factual support for the claims. Ridge at Red Hawk, L.L.C. v. Schneider, 493 F.3d 1174, 1177 (10th Cir. 2007). The plaintiff must "nudge his claims across the line from conceivable to plausible" in order to survive a motion to dismiss. Bell Atlantic Corp. at 1974.

IV. Discussion

Construing Stallings' complaint liberally, Stallings raises claims of race discrimination, wrongful termination, retaliation, harassment, and defamation. The court will address each claim as it relates to each defendant.

a. Race Discrimination

Providence argues that Stallings cannot maintain a Title VII action against Providence since Title VII claims only allow a party to sue her employer. Providence argues the hospital did not employ Stallings. In Stallings' reply, she admits that Providence is not her employer. She argues that Providence has a contract with PRL, and the Laboratory is located inside the hospital.

Title VII allows suits against employers for discriminatory actions. 42 U.S.C. § 2000e-2(a)(1) (Title VII prohibits an employer from terminating any individual because of "race, color, religion, sex, or national origin.") Stallings raises the issue that a contract exists between her employer and the hospital, however, she does not provide any support for the argument that the contract creates an employer-employee relationship.

In determining whether a defendant is an employer, the Tenth Circuit ruled that the main focus of the court's inquiry is the employer's right to control the means and manner of the

5

worker's performance. Lambertsen v. Utah Dept. of Corrections, 79 F.3d 1024, 1028 (10th Cir. 1996). In Atchley v. Nordam Group, Inc., 180 F.3d 1143 (1999)), the Court looked at the extent to which the defendant controlled the plaintiff's job, including hiring and firing, authorizing leave, approving the schedule for plaintiff, and who issued plaintiff's paycheck. Id. at 1153.

Stallings has not set forth any facts in her complaint for the court to find that Providence is her employer. Stallings admits that Providence is not her employer. The fact that Providence contracts with PRL does not establish that Providence is her employer, or that Providence maintains any control over employees of PRL. Stallings has not alleged any facts that Providence controls any of the terms of her employment. Since Title VII allows claims of discrimination only against employers, Stallings cannot state a cause of action against Providence. Stallings' claim for race discrimination against Providence is dismissed.

PRL argues Stallings has alleged no facts to find race discrimination. Specifically, PRL argues Stallings did not allege facts to support a finding that race was a factor in her termination or treatment. Stallings need not set forth a prima facie case of race discrimination, but must only set forth a short and plain statement of the claim showing that the pleader is entitled to relief. Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512, 122 S.Ct. 992 (2002); Fed.R.Civ.P. 8(a)(2) (2002).

Stallings alleged that she was treated differently than other employees that engaged in a conflict in the lab, in which security had to be called. Stallings argues that these employees were not terminated. Stallings does not state the race of the other employees.

The factual assertions in Stallings' complaint fail to suggest that race had any influence on her termination. Stallings admits to the dispute with the nurse on October 31, 2009, which is

6

the stated reason for her termination. Stallings does not state the race of other employees that were treated differently. Stallings has failed to allege facts to support a claim of race discrimination. PRL's motion to dismiss is granted on the race discrimination claim.

    b. Wrongful termination

Stallings alleges wrongful termination based on discrimination. ("Essentially this is a wrongful termination issue due to discrimination." (Doc. 1, p. 4)). To the extent Stallings premises her wrongful termination claims on racial grounds, it must be dismissed as her Title VII claim provides an adequate remedy. See Adams v. Gardner Constr. Group, 2008 WL 1767085, at *1 (W.D.Okla., April 16, 2008). To the extent Stallings is attempting to bring a state cause of action, she has failed to state a claim upon which relief can be granted. If a plaintiff alleges wrongful discharge based on a violation of the Kansas Act Against Discrimination, then the "KAAD provides an adequate and exclusive state remedy for violations of the public policy enunciated therein." Polson v. Davis, 895 F.2d 705, 709 (10th cir. 1990). PRL and Providence's motion to dismiss is granted on wrongful termination.

    c. Harassment

Stallings alleges harassment based on race, to the extent that she marked harassment on the civil cover sheet, and in her letter to the Human Rights Commission, stated that she "would like to file for harassment, retaliation, discrimination against Providence Hospital." (Doc. 1, p. 10). Exhaustion of administrative remedies is a jurisdictional rerequisite to suit under Title VII. Simms v. Oklahoma, 165 F.3d 1321, 1326 (10th Cir. 1999). To exhaust administrative remedies, a plaintiff must generally present her claim to the EEOC or authorized state agency and receive a right to sue letter. Id. at 1326. The charge tells the EEOC what to investigate, and gives the

charged party notice of the alleged violation.  Martinez v. Potter, 347 F.3d 1208, 1211 (10th Cir. 2003).  In the case at hand, Stallings did not allege a charge of harassment in her EEOC filings or her KHRC filing.  Stallings filed her KHRC on March 21, 2010.  On September 5, 2010, Stallings wrote a letter to the Commission stating that she wanted to "file for harassment, retaliation, discrimination against Providence Hospital."  Stallings provides no additional information related to the charge of harassment.  Stallings has not exhausted her administrative remedies, and the court is without jurisdiction as to her harassment claim against Providence and PRL.  Therefore, Stallings harassment claim is dismissed.

    d.  Retaliation

Stallings did not allege a charge of retaliation in her EEOC complaint or her KHRC complaint.  On September 5, 2010, almost six months after filing her initial charge with KHRC, Stallings wrote a letter to the Commission stating that she wanted to "file for harassment, retaliation, discrimination against Providence Hospital."  Additionally, Stallings provides that, "I feel it was retaliation for the incident that happened in the E.R. on 10-26-2006 with Dr. Darren Elo when he snatched and yanked me out of the patients room in the E.R."  (Doc. 1, p. 10).

PRL argues that Stallings has not exhausted her retaliation claim, and even if she did, she has not alleged she participated in protected activity.  Providence argues that Stallings has not exhausted her retaliation claim.

To establish a prima facie case of retaliation, the plaintiff must prove three elements: "(1) the plaintiff engage in protected opposition or participated in a Title VII proceeding; (2) the employer acted adversely subsequent to or contemporaneous with employee activity; and (3) there is a casual connection between plaintiff's activity and the employer's action."  Mattioda v.

8

<u>White</u>, 323 F.3d 1288, 1293 (10th Cir. 2003).

The court agrees with the defendants, that Stallings has not exhausted her retaliation claim. Therefore the claim is barred. Even if the claim was not barred, Stallings has not alleged any facts to support a finding that she engaged in protected activity. It is unclear if Stallings is relying on the police report she filed in 2006 as the protected activity. If it is, she has not set forth any facts to show filing a police report is protected activity. Even if the court was to assume that filing a police report was protected activity, Stallings has not alleged any facts to show her employer acted adversely, or that there was a casual connection between the filing of the report and any action by employer. Stallings filed the police report in 2006, and she was terminated from employment over three years later. Stallings has not alleged any facts to establish a retaliation claim. The retaliation claim as to Providence and PRL is dismissed.

    e. Defamation

Defamation claims must be filed within one year. K.S.A. § 60-514(a). In the case at hand, Stallings states that on November 3, 2009, an employee of Providence sent an email to Mr. Schriock, which is the basis for the defamation claim. The email sets forth the events that occurred on October 31, 2009. The email is the basis for the defamation claim, and the email was sent on November 3, 2009. The defamation claim was filed on December 15, 2010. The claim was filed outside the statute of limitations. This claim is barred by the statute of limitations.

    V. <u>Conclusion</u>

IT IS THEREFORE ORDERED, for the reasons set forth above, that defendant PRL's Motion to Dismiss (Doc. 5) is GRANTED.

9

IT IS FURTHER ORDERED, for the reasons set forth above, that defendant Providence's Motion to Dismiss (Doc. 6) is GRANTED.

IT IS SO ORDERED this 29th day of April, 2011.

    s/ Wesley E. Brown
Judge Wesley E. Brown
Senior District Court Judge